Samuel C. Coleman, J.
The plaintiffs are the duly elected District Leaders of the Third Assembly District, Part A of the Democratic Party in New York County. They attained that position in the primary election in 1963 in which they prevailed over the two individual defendants who had previously occupied it. The individual defendants are identified with the corporate defendant, their “ club ”, which had long been recognized as the “regular Democratic organization”. The plaintiffs complain that the three defendants continue to describe themselves and their “ club ” in such a way as to lead to the belief that they still occupy their official party positions and that their club is the “ regular organization ”, Their grievance is valid and *730 they are entitled to an injunction; the provisions will be set forth below.
As the two District Leaders the plaintiffs under the rules of the Democratic party in New York County are members of the party’s Executive Committee. As District Leaders, again by the rules, they are “ the principal political, executive and administrative officers of and spokesmen for the Party in the Assembly District or part thereof from which elected”. The defendants continue to display on the entrance to their club and prominently in the window facing the street the name of the club, Horatio Seymour Democratic Club, Inc., adding in one instance “ Regular Democratic Organization, 3rd Assembly District, Part A”. There is the conventional star and then appear the names of the two individual defendants “ Executive Members ”. But they are no longer “ Executive Members ” of the Democratic party. “Executive Members ” and “District Leaders ” in the terminology of poltical parties and organizations are synonymous. And the defendants can claim to be neither. They attempt to justify their use of the term by referring it to “ Executive Members ” of their club, as anyone might be a member, say, of the Executive Committee of any organization, political ¡or nonpolitical. But they can hardly mean that; nor can the words in context bear that connotation.
Nor can the defendants lead others to believe that they and their adherents are the “ regular Democratic organization” in the district. They insist that they are entitled to the use of the term “ regular ” because, they say, they and their followers have regularly .supported the duly nominated candidates of the Democratic party, even in opposition to their individual preferences; the plaintiffs and their “ club ” the New Chelsea Reform Democratic Club have not done so; and, ¡the plaintiffs and their adherents are “reform” Democrats, hostile to the regularly constituted authority of the Democratic party in New York County, while they — the defendants — are friendly toward it. The defendants admit that until recently “ regular ” in the vocabulary of political organizations meant “ incumbent ”. “As late as 1959,” they say, “the phrase regular Democratic Organization connotes the duly elected organization in the political unit ”. They add that in ¡that sense, again until recently, the plaintiffs would have been “ regular ”; but being “ reformers ”, they cannot be “ regular ”. But the word means the same today as it did a few years ago.
It is the fact that in the general election in November, 1963 the plaintiffs and their adherents did not support two of the *731 officially designated candidates of the Democratic parity. But it is not for the defendants to champion the party in this respect. The rules of 'the Democratic party (Election Law, § 15) provide for proceedings against district leaders whose adherence to party regularity may be in question ‘' Any officer or member of the Executive Committee, may, upon good cause shown, be removed from such office and/or such membership by a two-thirds vote of the Executive Committee, but any officer or member of the Executive Committee who supports for public office a nominee in opposition to a nominee of the party may [after notice and hearing] be removed from such office and/or such membership by a majority vote of the Executive Committee ”. The defendants, then, if they believe the plaintiffs to be guilty of lapses may present the matter to the proper party officials.
The argument that “ regular ” has lost its meaning because the plaintiffs adhere ¡to a '' reform ’ ’ group within the party can hardly be taken seriously. The Election Law knows of no such entity as a local political club, or group — ‘ ‘ regular ’ ’ or otherwise. But as adherents surround their “leaders” — executive members — and as these leaders and their followers must have a locus, clubs have arisen, and ' ‘ regular ’ ’ has designated the locale of such a group, has become synonymous with “ incumbent ” — the leader and his group that surrounds him. So much the defendants recognize. The individual defendants and their organization were the ' ‘ regular Democratic Organization ” until a year or so ago, but no longer. Local political organizations, whether the locus of party officials, or whether loosely identified with a political party, have long had as part of their names such designations as ‘' progressive ”, “ reform ’ ’, “new Deal”. Whatever those terms denote, whatever their connotations, the question whether a given organization, once recognized as the ' ‘ official ’ ’ group —" regular ” — as are the plaintiffs and their club, remains “ official ”, is a matter for the party itself to determine by reference to its rules. That the plaintiffs and their adherents may call themselves “ insurgents ” or “reformers” — even call themselves “regular” reluctantly- — and with other enrolled members of the Democratic party in other assembly districts may concern themselves with dislodging the official heads of the party, is something entirely within their rights. That the defendants readily proclaim their preference for the present heads is immaterial. And if the requisite number of enrolled voters in the assembly district desires -other leaders to speak for them in party matters, *732 they have only to say so in the next primary election for such leaders.
The defendants argue that as the plaintiffs’ “club” is not a party plaintiff, the plaintiffs can have no relief. But the relief the two plaintiffs are asking will completely take care of the controversy, and the club is in no way a necessary party (CPLR 1001).
The plaintiffs are entitled to an injunction restraining the individual defendants from holding themselves out in any way as members of the Executive Committee of the Democratic party in New York County, or as “ Executive Members ” or “ District Leaders ’ ’. The club cannot, on signs, banners, letterheads, literature or by any other means, describe itself as ‘ ‘ regular ’ ’, or as the “ regular Democratic organization” or in any way suggest that it is the headquarters of elected representatives of the Democratic party in the district; I think the corporate defendant is entitled to the use of its name, Horatio Seymour Democratic Club, Inc., and with it the use of the emblem of the party, a star.
The plaintiffs make no point of the use of the corporate name. They do ask that the legend “ opposed to the Regular Democratic District and County Organizations ” appear with whatever words and collocations of words the defendants use. In a given case such a requirement may be proper or even necessary (cf. Mele v. Ryder, 8 A D 2d 390; Chambers v. Greenman Assn., 269 App. Div. 938). But the provisions of the decree I have directed will adequately take care of the matter. To do as the plaintiffs suggest will require the statement of an untruth and will only create confusion, not dispel it. The defendants are not opposed to the ' ‘ Regular Democratic County Organization”; they proclaim that their adherence to it is stronger than the plaintiffs’. As to the “ District Organization ”, they oppose 'the leaders. But of the nearly one hundred duly elected County Committeemen (Election Law, § 12), the plaintiff's’ “ club ” has the narrowest of margins; — nearly one half are affiliated with the defendant club, and the plaintiff leaders must accept them as party officials. To have them say, at their preferred meeting place that they are opposed to the District Organization, while in a sense truthful, will throw doubt upon their status. In a sense they themselves are part of the ‘ ‘ organization ’ ’.